CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

APR 25 2008

JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Action No. 4:04-cr-00009 |
| | ) | Civil Action No. 4:07-cv-80013 |
| | ) | |
| v. | ) | <u>2255 MEMORANDUM OPINION</u> |
| | ) | |
| | ) | By: Hon. Jackson L. Kiser |
| JAMEL RASHEED HARRIS. | ) | Senior United States District Judge |

Jamel Rasheed Harris, a federal inmate proceeding <u>pro se</u>, brings this action as a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. Harris alleges that counsel provided ineffective assistance.[1] The United States filed a Motion to Dismiss and Harris responded, making the matter ripe for disposition. Upon review of the submissions of the parties and the underlying criminal record, Criminal Case No. 4:04-cr-00009, I find that Harris' ineffective assistance of counsel claims lack merit. Accordingly, I find that the Motion to Dismiss must be granted.

I.

On October 21, 2004, Harris was named in a three-count indictment in the Western District of Virginia that charged him with distributing or possessing with intent to distribute more than five grams of cocaine base, also known as crack, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count One), and possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count Two). Count Three was a forfeiture allegation calling for the forfeiture

---

[1] Harris also claimed in his original § 2255 Motion that he was eligible for a sentence reduction, pursuant to a retroactive change in the federal sentencing guidelines. By Service Order entered December 13, 2007, the court informed Harris that such a claim is not actionable under § 2255 because it does not challenge the validity of the original conviction and sentence. Accordingly, the court advised Harris to file a separate motion under 18 U.S.C. § 3582(c). Harris filed such a motion on March 3, 2008. On March 28, 2008, the court granted Harris a two-point reduction in his base offense level and reduced his sentence proportionately.

of any proceeds derived from his violations.[2] On June 17, 2005, Harris was arrested and appeared before the court for an initial appearance, arraignment, and detention hearing. On April 4, 2006, subsequent to a trial by jury, Harris was convicted of aiding and abetting another for the crime of possession with intent to distribute five grams or more of cocaine base and possessing a firearm in furtherance of a drug trafficking crime.

The evidence presented at trial indicated that on February 20, 2004, Sergeant Eric Mollin, an officer employed by the Rocky Mount Police Department, arrived at Candlewood Apartment complex as part of an investigation stemming from an earlier arrest at apartment A-9. When Mollin and two other officers encountered Harris coming down the stairs of the complex, Harris made eye contact with them and then quickly turned around and began walking back up the stairs. The officers followed Harris up the stairs and located Harris in front of the door leading to apartment A-9. Mollin requested identification from Harris and, when Harris refused, asked Harris if he could check Harris for identification. Harris conceded and Mollin immediately located a loaded nine millimeter firearm inside Harris' waistband. Mollin also found three individual bags containing what was ultimately determined to be 41.89 grams of cocaine base and $250 in cash in Harris' pants pockets.

By final judgment order entered June 26, 2006, Harris was sentenced to a term of one hundred and eight (108) months imprisonment as to Count One and sixty (60) months imprisonment as to Count Two, to run consecutively, for a total term of one hundred and sixty-eight (168) months imprisonment. On June 27, 2006, Harris filed a Notice of Appeal with the United States Court of Appeals for the Fourth Circuit, alleging that the evidence was insufficient to support his convictions

---

[2] Count Three was dismissed by oral order entered March 31, 2006.

2

Case 4:04-cr-00009-JLK   Document 113   Filed 04/25/08   Page 2 of 6   Pageid#: 458

and that the district court erred by allowing a police officer to testify as an expert in drugs and drugs distribution. Harris' convictions were affirmed by unpublished per curiam opinion entered March 21, 2007. Harris filed the current § 2255 motion on December 7, 2007, claiming that counsel was ineffective in failing to seek a "Judgment of Acquittal" based on the fact that the government failed to prove beyond a reasonable doubt that the seized substance was "smokeable, and or crack." (Br. Supp. § 2255 Mot. at 1.) Harris also complains that counsel stipulated to the form of the substance "without proper consultation" or his "permission" and that he "requested" that counsel not stipulate "to anything at all." (Resp. Mot. Dismiss at 4, 6.)

## II.

To state a claim for relief under § 2255, a petitioner must prove that one of the following occurred: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 (2006). Harris bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965); Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998).

## III.

Harris bears the burden of establishing that counsel's failure rose to the level of a Sixth Amendment violation under Strickland v. Washington, 466 U.S. 668, 687 (1984). To prevail on an ineffective assistance of counsel claim, a habeas corpus petitioner must satisfy the two-pronged test set forth in Strickland. First, a petitioner must show "that counsel's performance was deficient,"

3

meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, a petitioner must show "that the deficient performance prejudiced the defense" to the extent that he was deprived of a fair trial. Id. The prejudice prong requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Strickland establishes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

Harris fails to establish that counsel's performance was constitutionally deficient. First, even if counsel stipulated to the admissibility of the certificate of analysis at trial without Harris' permission, such a strategic decision was not ineffective assistance of counsel given the availability of the chemist to testify about the preparation of the report and the chemist's testing of the cocaine base. The actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance. See Strickland, 466 U.S. at 689; see also United States v. Ashley, 41 F. App'x 240, 243 (10th Cir. 2002) (finding that counsel's decision to stipulate to the government expert's testimony that the drugs seized in conjunction with his arrest were cocaine base was a legitimate strategic choice to prevent the presentation of harmful evidence to the jury by stipulating rather than having the government forensics expert take the stand). Furthermore, counsel was not ineffective in failing to motion for a Judgment of Acquittal based on the allegation that the government failed to prove beyond a reasonable doubt that the seized substance was "smokeable, and or crack." Counsel made an oral motion for Judgment of Acquittal at the conclusion of the evidence, in part arguing that the government had not proved that Harris had the intent to distribute the crack. Thus, it is clear that counsel's reasonable trial strategy was to challenge the intent element

4

of the offense, rather than the form of the substance itself. See Lemon v. United States, 335 F.3d 1095, 1096 (8th Cir. 2003) (defense counsel's decision to stipulate that controlled substance found in apartment with defendant was crack cocaine was not ineffective assistance; counsel's decision was part of reasonable trial strategy in which counsel sought to disprove element of possession rather than drug type, and stipulation did not prejudice defendant because laboratory report explicitly stated that he possessed "cocaine base," which was all that was necessary for statutory minimum sentence that defendant received). Accordingly, Harris fails to adequately demonstrate the first prong of Strickland.

Moreover, Harris fails to prove that there is a reasonable probability that, but for counsel's failure to motion for a Judgment of Acquittal based on the allegation that the government failed to prove beyond a reasonable doubt that the seized substance was "smokeable, and or crack," the result of the proceeding would have been different. The indictment charged Harris with distributing or possessing "a mixture or substance containing a detectable amount of cocaine base, also known as crack." (Sealed Indictment at 1.) The statute under which Harris was charged, 21 U.S.C. § 841(b)(1)(B), refers to cocaine base as does the jury verdict form. The inclusion in the indictment of the phrase "also known as crack" is "surplusage, which does not vitiate the indictment and may be ignored." United States v. Ramos, 462 F.3d 329, 332 (4th Cir. 2006) (citing Ford v. United States, 273 U.S. 593, 602 (1927)). Therefore, the United States was not required to prove that the substance was "smokeable and/or crack" as Harris contends, merely that the substance was "cocaine base."[3] The United States adequately proved this element with the stipulated certificate of analysis

---

[3] Harris relies on United States v. Brisbane, 367 F.3d 910 (D.C. Cir. 2004), as support for his allegations; however, the United States Court of Appeals in United States v. Ramos, 462 F.3d 329 (4th Cir. 2006), indicates that Brisbane is "simply contrary to the [United States v. Jackson, 968 F.2d 158, 162 (2d Cir.1992)] case, which we follow."

5

submitted at trial and through the expert testimony of Sergeant Mollin.[4] Accordingly, Harris also fails to prove the prejudice prong of Strickland. As Harris fails to carry his burden of proof under either prong of Strickland, the Motion to Dismiss must be granted.

The Clerk of the Court is directed to send copies of this Memorandum Opinion and accompanying Order to petitioner and counsel of record for respondent.

**ENTER:** This 25th day of April, 2008.

Senior United States District Judge

---

Subsequent to United States v. Fisher, 58 F.3d 96 (4th Cir. 1995), which agreed in part with the Jackson case, the Fourth Circuit has "treated cocaine base and crack interchangeably." Ramos, 462 F.3d at 334. Accordingly, Harris' reliance on Brisbane is misplaced.

[4] Harris also claims that the court "abused its discretion" by allowing Sergeant Mollin to testify at trial as an expert witness. (Br. Supp. § 2255 Mot. at 4.) Mollin testified that, in his training and experience, the substance that he seized from Harris was crack cocaine. A petitioner may not relitigate a claim which the Court of Appeals has already fully considered and decided on direct appeal. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Having reviewed Harris' current claim, I find that it indistinguishable from the one already addressed by the United States Court of Appeals for the Fourth Circuit as part of Harris' appeal and, therefore, I will not address it as part of Harris' § 2255 Motion.